IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. Bryant, | C/A No. 0:13-2491-DCN-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden, *Lieber Correctional Institution*, | |
| Respondent. | |

Petitioner Curtis L. Bryant ("Bryant"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Bryant was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 21.) Bryant responded in opposition. (ECF No. 24.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Bryant's Petition denied.

## BACKGROUND

Bryant was indicted in December 2006 in Dorchester County for armed robbery (06-GS-18-1761). (App. at 96-97, ECF No. 20-1 at 98-99.) Bryant was represented by Marva Hardee-Thomas, Esquire, and on June 12, 2007 pled guilty as charged. (App. at 12, ECF No. 20-1 at 13.) The circuit court sentenced Bryant to fifteen years' imprisonment. (App. at 31, ECF No. 20-1 at 31.) Bryant did not appeal his guilty plea or sentence.

Bryant filed a *pro se* application for post-conviction relief on June 12, 2008 ("2008 PCR") in which he raised the following issues:

1. Ineffective counsel because no appeal filed.

2. Ineffective counsel because he failed to have plea bargain enforced.

3. Plea was involuntary due to ineffective counsel.

(Bryant v. State of South Carolina, 08-CP-18-1516; App. at 33-41, ECF No. 20-1 at 35-43.) The State filed a return. (App. at 43-48, ECF No. 20-1 at 45-50.) On December 9, 2009, the PCR court held an evidentiary hearing at which Bryant appeared and testified and was represented by Charles T. Brooks, Esquire. By order filed March 11, 2011, the PCR judge denied and dismissed with prejudice Bryant's PCR application. (App. at 89-95, ECF No. 20-1 at 91-97.)

Bryant appealed. In his PCR appeal, Bryant was represented by Robert M. Pachak, Esquire, who filed a petition for a writ of certiorari that presented the following issues:

I. Whether there was any evidence to support the PCR judge's finding that petitioner was entitled to a belated appeal of his guilty plea?

II. Whether plea counsel was ineffective in misadvising petitioner as to the sentence he would receive if he pled guilty?

(ECF No. 20-2 at 3.) In addition, counsel for Bryant filed an Anders[1] brief pursuant to White v. State[2] that raised the following issue:

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).



> Whether Appellant's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(ECF No. 20-3 at 4.) Bryant filed a *pro se* response to the Anders brief (ECF No. 20-4 at 1-13), as well as an amendment to that response (ECF No. 20-4 at 14-18). The State filed a return to the petition for a writ of certiorari. (ECF No. 20-5.) By opinion filed August 29, 2012, the South Carolina Supreme Court granted certiorari as to Issue I of Bryant's petition (granting Bryant belated review of his direct appeal issue), denied Bryant's petition for a writ of certiorari as to Issue II, and dismissed Bryant's appeal after review of the record pursuant to Anders. (Bryant v. State, Op. No. 2012-MO-034 (S.C. Aug. 29, 2012), ECF No. 20-6.) The remittitur was issued on September 17, 2012. (ECF No. 20-7.)

Bryant filed a second *pro se* application for post-conviction relief on December 21, 2012 ("2012 PCR") in which he raised the following issues:

1. Ineffective counsel because no appeal filed.

2. Ineffective counsel because she failed to have plea bargain enforced.

(Bryant v. State of South Carolina, 12-CP-18-2841; ECF No. 20-8.) The State filed a return and motion to dismiss. (ECF No. 20-9.) On October 14, 2013, the PCR court issued a conditional order of dismissal in which it provisionally denied and dismissed Bryant's 2012 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 20-10.) According to the respondent, this order was served on Bryant on October 31, 2013, and Bryant did not file a response to the conditional order. (ECF No. 20-11; see Respt.'s Mem. Supp. Summ. J., ECF No. 20 at 11.) The respondent states that Bryant's 2012 PCR is still pending, as no final order of dismissal has been issued. (See ECF No. 20 at 11.)



Bryant filed his federal petition for a writ of habeas corpus on September 6, 2013. (ECF No. 1.)

**FEDERAL HABEAS ISSUES**

Bryant raises the following issues in his federal petition for a writ of habeas corpus:

**Ground One:** Ineffective Assistan[ce of] Counsel
**Supporting Facts:** Counsel failed to enforce plea agreement. Counsel stated in the transcript that she did not have anything specific that she conveyed to client that plea offer was withdrawn. Letter sent to the defendant (dated March 6, 2007) does not specifically state that the plea offer was withdrawn. Counsel answer to that question was no! Counsel never informed defendant that plea offer was off or withdrawn.

**Ground Two:** Counsel failed to notice alterations on sentencing sheet.
**Supporting Facts:** Counsel failed to notice alterations on sentencing sheet after it was first signed by counsel, then by defendant. It appears that white out was used on the sentencing sheet after tr[ia]l counsel and defendant signed it. This altered/changed the nature of document without knowledge of defendant and his attorney which makes it a unilateral agreement under detrimental reliance.

**Ground Three:** Counsel was under investigation and ultimately suspended for a period of two years for several misconduct allegations.
**Supporting Facts:** Marva Ann Hardee-Thomas had a prior disciplinary history that included conduct involving dishonesty, competence, misconduct, and diligence. Which resulted in a suspension of two years.

(Pet., ECF No. 1) (citations omitted).

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was



based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here



is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.



Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Summary Judgment Motion**

**1.     Statute of Limitations**

The respondent first argues that Bryant's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). In light of United States Supreme Court precedent and for the reasons that follow, the court disagrees.

The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Bryant did not file a direct appeal; however, in his 2008 PCR proceedings he was granted a belated direct appeal pursuant to White v. State. The South Carolina Supreme Court dismissed the appeal after conducting Anders review of Bryant's direct appeal issues by order filed August 29, 2012. Bryant's conviction thus became final pursuant to § 2244(d)(1)(A) on November 27, 2012—the expiration of the time for

seeking review of that appeal in the United States Supreme Court.[3] See Jimenez v. Quarterman, 555 U.S. 113 (2009) (holding that when a petitioner is granted the right to file a belated appeal, the limitations period for the filing of a § 2254 petition begins anew); Clay v. United States, 537 U.S. 522, 527 (2003) (holding that a federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires"). Accordingly, the limitations period began to run on November 28, 2012 and expired November 27, 2013, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Bryant filed a second PCR application on December 21, 2012 that is currently pending. Regardless of whether this PCR application would toll Bryant's statute of limitations, Bryant's federal Petition—with a filing date of September 6, 2013[4]—was filed prior to the expiration of the

---

[3] Because Bryant sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Gonzalez, 132 S. Ct. at 653-54 (holding that a petitioner's "judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in this Court, or in state court, expires"); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

[4] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



one-year limitations period under § 2244(d)(1)(A). Accordingly, the court will address the merits of Bryant's Petition.

### 2. Bryant's Claims

The respondent next argues that all of Bryant's allegations are procedurally barred. Specifically, the respondent argues that none of the specific claims presented in this Petition was ruled on by the PCR court or presented in a Rule 59(e) motion and that they were therefore not preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); see also Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). Upon review of the PCR court's order, the court agrees that although the PCR court acknowledged that Bryant raised a claim that appears to be Ground One of his federal habeas Petition, the PCR court order did not rule on or otherwise address any of the Grounds contained in Bryant's Petition. Moreover, in Bryant's PCR appeal the only issue presented aside from his argument that he was entitled to a belated direct appeal was that plea counsel was ineffective in misadvising petitioner as to the sentence he would receive if he pled guilty.[5]

Although Bryant argues that testimony regarding Grounds One and Two—that plea counsel failed to enforce the plea agreement and failed to notice alterations in the sentencing sheet—was presented during the PCR hearing, this is insufficient to satisfy the exhaustion requirements for

---

[5] The court observes that Bryant appears to have presented arguments similar to those presented in Grounds One and Two in his *pro se* response to appellate counsel's Anders brief; however, claims of ineffective of assistance of counsel are generally not cognizable on direct appeal as they are PCR issues.



federal habeas relief under § 2254.  Therefore, these claims are procedurally barred unless Bryant can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  In response to the respondent's motion for summary judgment, Bryant appears to argue that his default should be excused because he did not know to file a Rule 59(e) motion and because he did not know that plea counsel was being investigated at the time of his PCR hearing.  These arguments are insufficient to establish cause for the default.  See id. at 753 (stating that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him"); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause).  Therefore, all of Bryant's claims are procedurally barred from federal habeas review.

Alternatively, even if the court found that these claims were not procedurally barred, Bryant would nonetheless not be entitled to federal habeas relief on these claims for the reasons discussed by the respondent.  (See Respt.'s Return & Mem. Supp. Summ. J., ECF No. 20 at 31-38); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea); 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); see also Harrington, 131 S. Ct. at 785 (observing that "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable" and that "[t]his is different from asking whether defense counsel's performance fell below Strickland's standard"); Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).



## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 19) be granted and Bryant's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).